**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)**

| | |
|---|---|
| MARY BETH TRUMP,                                    ) | |
|                                    ) | |
|     Plaintiffs,                    ) | |
|                                    ) | |
| v.                                 )   Case No.: <u>7:19cv793</u> | |
|                                    ) | |
| SELECT PORTFOLIO SERVICING, INC., <u>ET</u> <u>AL</u>.,  ) | |
|                                    ) | |
|     Defendants.                    ) | |
|                                    ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendants, Select Portfolio Servicing, Inc. ("SPS"), and DLJ Mortgage Capital Inc., ("DLJ") (collectively, the "Defendants"), by counsel, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court for Roanoke County, Virginia to the United States District Court for the Western District of Virginia (Roanoke Division) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support thereof, Defendants state as follows:

**<u>Background</u>**

1.    On or about November 7, 2019, Plaintiff, Mary Beth Trump ("Plaintiff"), commenced the underlying state court action captioned <u>Mary Beth Trump v. Select Portfolio Servicing, Inc., et. al.</u> (Case No. CL19-001487) (the "State  Court Action"), in the Circuit Court for Roanoke County, Virginia.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, and Summons in the State Court Action are attached hereto as Exhibit "1," and "2," respectively.[1]

---

[1]    Plaintiff also served an "Emergency Motion for Relief," and Notice of Hearing along with her Complaint, and those submissions are included in Exhibit 1.

**<u>Removal is Procedurally Proper</u>**

2.      28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]

3.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court for Roanoke County, Virginia, the forum in which the removed State Court Action was pending.

4.      The time to remove is triggered by the simultaneous service of the summons and complaint.  See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-356 (1999).  Further, pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by service" to file a notice of removal.  Id.

5.      SPS was served with the Complaint and Summons on November 19, 2019.  See Ex. "3" hereto.  Upon information and belief, as of this filing, DLJ has **_not_** been served with the Complaint and Summons.  Accordingly, the time within which to remove this action has not yet run, and, therefore, this Notice of Removal is timely filed within the statutory removal period enumerated in 28 U.S.C. §1446(b).

6.      There are no other defendants to this action, and all defendants consent to the removal of the State Court Action.

**<u>This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332,<br>And, Therefore, Removal Is Proper</u>**

7.      Removal of this case is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is apparent on the face of Plaintiff's Complaint that the parties are of diverse citizenship, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  See also Elliot v. Am States Ins. Co., 883 F.3d. 384, 394 (4th Cir. 2018) ("When original jurisdiction is based on diversity of citizenship, the cause of action must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000, exclusive of interests and costs.")

9.     For purposes of diversity jurisdiction, an individual's citizenship is determined by his or her domicile.  Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998).

10.     Plaintiff admits that she resides at 5450 Stearnes Avenue, Roanoke, Virginia 24018 (the "Property") (compl. at ¶ 1.), and, therefore, Plaintiff is a citizen of the Commonwealth of Virginia for diversity jurisdiction purposes.

11.      Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has a principal place of business. . . ."  Id.  See also Johnson v. Advance Am., 549 F.3d 932, 936 (4th Cir. 2008) (noting that 28 U.S.C. § 1332(c)(1) provides "dual, not alternative, citizenship to a corporation").

12.     SPS is a Utah corporation with its principal place of business located at 3217 S. Decker Lake Drive, Salt Lake City, Utah 84119.  See report from the State of Utah Division of Corporations and Commercial Code attached hereto as Exhibit "4."  Accordingly, SPS is a citizen of the State of Utah for diversity jurisdiction purposes.

13.     DLJ is a Delaware corporation with its principal place of business located at 11 Madison Ave., New York, New York 10010.  See report from the Delaware Department of State,

Division of Corporations (Ex. "5"); and report from the New York Department of State (Ex. "6").

Accordingly, DLJ is a citizen of the State of Delaware, and a citizen of the State of New York for diversity jurisdiction purposes.

14.     Accordingly, the Plaintiff and Defendants are of completely diverse citizenship.

15.     Plaintiff seeks multiple forms of relief in this proceeding, as noted below:

    a.      a finding that the outstanding principal balance of the home mortgage loan at issue here (the "Loan") was $146,512.94 as of May 1, 2012 (Compl. at p. 6);

    b.      a finding that the current outstanding principal balance of the Loan is $126,856.39 (Id.; and Id. at Ex. J thereto);

    c.      a finding that $22,683.24 is not an amount properly due under the Loan; (Compl. at p. 6);

    d.      an order releasing the deed of trust securing Plaintiff's Loan repayment upon SPS' receipt of $126,856.39 (Id.); and

    e.      an award of $50,000.00 plus attorneys' fees on account of Plaintiff's fraud claim. (Id. at p. 7.)

16.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Thomas v. Carmeuse Line & Stone, Inc., 2012 U.S. Dist. LEXIS 178311, *12 (W.D. Va. Dec. 17, 2012) (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). See also McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 181 (1936) (noting the "principle that jurisdiction is to be tested by the value of the object or right to be protected against interference"). "That value is ascertained 'by the larger of two figures: the injunction's [or declaratory judgment's] worth to the plaintiff or its cost to the defendant.'" Thomas, supra, 2012

U.S. Dist. LEXIS 178311 at *12 (emphasis added) (citing <u>JTH Tax, Inc. v. Frashier</u>, 624 F.3d 635, 639 (4th Cir. 2010), and <u>Dixon v. Edwards</u>, 290 F.3d 699, 710 (4th Cir. 2002)).  <u>See also</u> <u>Liberty Mut. Fire Ins. Co. v. Hayes</u>, 1997 U.S. App.LEXIS 24207, *9 (4th Cir. 1997) (recognizing that the Fourth Circuit employs the "'either party approach,' examining the potential pecuniary effect that a judgment would have on either party") (citing <u>Government Employees Ins. Co. v. Lally</u>, 327 F.2d 568, 569 (4th Cir. 1997)).

17.    In addition, in "suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks." <u>Buford v. Ocwen Loan Servicing</u>, LLC, 2018 U.S. Dist. LEXIS 149537, *13 (E.D. Va. Jul. 13, 2018 (quoting <u>Rehbein v. CitiMortgage, Inc.</u>, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013)).  <u>See also</u> <u>Sherman v. Litton Loan Servicing, L.P.</u>, 796 F.Supp.2d 753, 766 (E.D. Va. 2011) (finding the amount in controversy was met based on "the manifest fact that the value of the [p]roperty exceeds $75,000"). The court in <u>Rehbein</u> also found that the principal amount on the plaintiff's home mortgage loan, and the outstanding balance on the loan, could be properly considered in determining the value of the injunctive relief sought. <u>Id.</u>, 937 F.Supp.2d at 758

18.    Courts may also aggregate smaller claims in order to reach the jurisdictional threshold, meaning that if plaintiffs are seeking monetary damages, the value of the injunctive relief can also be considered to satisfy 28 U.S.C. § 1332.  <u>See</u> <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 109 (4th Cir. 1995).

19.     Under multiple scenarios, it is clear that the matter in controversy here exceeds the sum or value of $75,000, and therefore the Court's subject matter jurisdiction is properly established.

20.     Looking only at the value of the Property, the $75,000 threshold is satisfied because the 2019 assessed value of the Property is $140,300.  See assessment report from Roanoke County, Virginia (Ex. "7" hereto).  See also Buford, *supra*, 2018 U.S. Dist. LEXIS 149537 at 13; and Rehbein, *supra*, 937 F.Supp.2d at 758.

21.     Further, the outstanding principal balance due on Plaintiff's Loan also exceeds $75,000.  Specifically, Plaintiff contends that correct amount to satisfy her Loan debt is $126,856.39 (Compl. at p. 6; and at Ex. J), while SPS maintains that the amount necessary to pay off the loan and to release the deed of trust is instead $153,042.62.  See Compl. at Ex. I.  However, ***either*** figure suffices for jurisdictional purposes under 28 U.S.C. § 1332.

22.     Finally, when aggregating the value of the declaratory relief Plaintiff is seeking, along with her claim for money damages, diversity jurisdiction is also properly invoked.  Plaintiff seeks a declaration from this Court finding that the amount necessary to satisfy the Loan is $126,856.39, compared to the amounted identified in the "payoff from [SPS] which reflected a . . . total payoff amount of $153,042.62."  (Compl. at ¶ 18, and Ex. I thereto).  If awarded such relief, the Court would reduce the outstanding principal balance by $26,186.23 (***not*** including per diem interest of $34.72 from October 25, 2019 through the present totaling $1,145.76).  That amount, aggregated with the $50,000 in monetary damages Plaintiff is requesting for her fraud claim (compl. at p. 7) totals ***$76,186.23*** (greater than the $75,000 diversity jurisdiction threshold). See Shanaghan, *supra*, 58 f.3d at 109 (permitting aggregating of smaller claims to meet diversity subject matter jurisdiction).

23.     Accordingly, this action may be removed to this Court under 28 U.S.C. § 1332 because the parties are completely diverse, and the matter in controversy exceeds the sum or value of $75,000.

**Conclusion**

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of the filing of this Notice of Removal will be promptly filed with the clerk for the Circuit Court for Roanoke County and served upon Plaintiff.  A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as Exhibit "8."

25.     In filing this Notice of Removal, the Defendants do not waive, but instead specifically reserve, all defenses, objections, motions, or exceptions available to them under applicable law.   In particular, Defendants expressly reserve the right to move for dismissal pursuant to Fed. R. Civ. P. 12(b).  No statement herein or omission should be deemed to constitute an admission by Defendants of any allegation set forth in the Complaint or damages sought therein.

26.     For the foregoing reasons, Defendants, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital Inc., request that the above-captioned action now pending before the Circuit Court for Roanoke County be removed to the United States District Court for the Western District of Virginia (Roanoke Division).

Dated: <u>November 27, 2019</u>                   Respectfully submitted,


                                        /s/ John A. Nader
                                        John A. Nader (VSB No. 73259)
                                        Alfred D. Carry (VSB No. 81360)
                                        McGlinchey Stafford, PLLC
                                        1275 Pennsylvania Ave., N.W., Suite 420
                                        Washington, D.C. 20004
                                        Telephone: (202) 802-9958
                                        Facsimile: (202) 217-2215
                                        jnader@mcglinchey.com
                                        acarry@mcglinchey.com

                                        *Counsel for Defendants,*
                                        *Select Portfolio Servicing, Inc., and*
                                        *DLJ Mortgage Capital, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that on November 27, 2019, I filed the foregoing Notice of Removal

with the Clerk of the Court using the CM/ECF system, and served a copy of the same on:

George I. Vogel, III, Esq.
Vogel & Cromwell, LLC
204 McClanahan Street
P.O. Box 18188
Roanoke, Virginia 24014

*Counsel for Plaintiff,*
*Mary Beth Trump*


/s/ John A. Nader
John A. Nader